[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown by complaint returnable to this court on July 20, 1993. He also sought a fair and equitable distribution of family assets, and other relief. The defendant wife admitted the allegations in the complaint, and in her cross complaint, sought a dissolution on the ground of irretrievable breakdown. She also sought alimony, an assignment of all or part of the plaintiff's estate, and other relief.
The parties were represented throughout these contested proceedings by counsel. At trial, both parties testified and submitted financial affidavits. The parties filed written proposed claims for relief. A number of documentary materials, including medical reports, deeds, mortgage documents, photographs and earning statements, were introduced into evidence. At the conclusion of the taking of evidence, counsel made oral argument. The court ordered that all existing pendente lite orders remain in effect. CT Page 1527
From the evidence, I find as follows.
The couple was married on December 7, 1985, in New London, Connecticut. Their first marriages ended in divorce. The husband resided continuously in this state for one year before the filing date of the complaint, July 14, 1993. There are no minor children of this marriage, and none were born to the wife since the date of this marriage. Each has children from their first marriages, who are now adults.
Neither spouse is a recipient of public assistance, all statutory stays have expired, and the court has jurisdiction.
The husband is 46 years of age and a college graduate, with a degree in business administration.
He is in good health. He has been employed for the past thirteen months at the local casino as a restaurant manager where he now earns $654 per week gross, and approximately $500 per week net. He has had two raises since he began employment, and fully paid health insurance benefits. He received an $1,800 bonus in 1995. Prior to this employment, he left the employment of a local hospital as an assistant director of food services. After 13 years at the hospital, his salary was $39,000 per annum.
The wife is 55 years of age and in poor health. She speaks English with a heavy accent and testified with the assistance of her son who acted as an interpreter, by agreement of the parties. She suffers from a number of health problems, the most serious of which is polymyositis, which has rendered her disabled from gainful physical employment. Although she can attend to most of her personal and daily needs, and perform most activities of daily living, she has difficulty walking and standing from a seated position. She is incapable of any employment or work requiring physical endurance. She requires daily medication for her many medical problems.
She receives $108[1] per week in social security disability payments and $518 per week gross in rental income from two parcels of real property, one of which she resides in. Her total net income is $414 per week, which includes a $20 per week pendente lite order. The wife appears to have minimal, if any, earning capacity, considering her age, health, physical CT Page 1528 limitations and language difficulties. There was no evidence of her vocational skills, apart from her brief employment as a hospital cafeteria worker.
The parties' marriage began to unravel after about five months, when the wife was diagnosed with polymyositis, a debilitating muscular disease. As a result, the wife was hospitalized for over six months. Ever since, she has had difficulties in ambulation. This marriage of more than ten years duration broke down irretrievably when the husband moved out of the family home in late 1992. Shortly after, his girl friend moved in with him and they continue to reside together. She does not share in the household expenses.
The husband had two DUI arrests and was hospitalized twice for rehabilitation periods which added to the stresses on the marriage. The wife claimed in testimony that she still loves her husband and despite the dissolution proceeding, she denies that the marriage has broken down. This is contradicted by her pleadings. Yet, she never sought conciliation as of right under General Statutes § 46b-53 or under § 46b-10.
From the totality of the circumstances, and considering the demeanor, attitude and conduct of the parties, I find that the greater share of the responsibility for the marital breakdown must lie at the husband's door.
The parties commingled their incomes and used joint funds to pay their family expenses. The wife owned two parcels of real estate prior to the marriage, which she retained in her name alone. These properties now have equity, in the aggregate, in excess of $210,000. The first mortgage on each property should be paid off within two years. The second mortgage on the Vauxhall Street house should be repaid in about five years. The wife has accumulated no other assets, except for household furnishings and jewelry, which she values at $10,000. The wife resides in the marital home with an adult daughter who pays no rent or room and board, but provides her mother with assistance.
The husband owns an undivided remainder one-half interest in a duplex house with his brother. The brothers purchased the interest from their now 66 year old mother for $40,000 by purchase money mortgage. The mother reserved a life estate. The husband values the equity of his one-half interest at $16,750, which I found understated, but not too wide of the CT Page 1529 mark when factoring in the existence of his mother's life estate.
He also discloses a 1994 Ford automobile with equity of $1,900, home furnishings at $6,000, bank accounts of $150, a $50,000 life insurance policy with cash value of $2,483, and an SSIP from his hospital employment worth $6,000.
Against these assets, the parties' liabilities are: husband, $12,150, which includes $5,000 in attorney's fees, and $7,000 of credit card obligations incurred for his children's college expenses; wife, $550 in charge account balances.
The court makes these additional findings.
The parties have already satisfactorily divided their personal property. The husband has a superior earning capacity than the wife. Their monetary and nonmonetary contributions to the marriage were approximately equal. The cost of continuation of health care coverage for the wife under COBRA is $230 per month. The wife's cost for required prescriptions is about $75 per week which is fully covered by the husband's health insurance. Thus, the wife's financial affidavit overstates her weekly affidavit by that amount. The husband understated his gross and net weekly incomes as a result of a recent salary increase. I find both parties' inaccuracies to be inadvertent.
Even when the wife's $75 for prescriptions is deducted from her weekly expenses, there still remains a shortfall between her net income and reasonable weekly expenses. Thus, she is in need of some continued support.
The husband asserts that the equities in the wife's two parcels of real estate have increased by approximately $56,833 between the date of the marriage and the present, and that he has made a substantial contribution to the increase. The flaws in his claims are: first, he has provided no credible evidence of the values of the properties as of the date of the marriage. The amount of increase, if any, in the properties' equity or value is speculative. Second, he has not contributed to the mortgage payments and upkeep of the properties since the parties' separation in 1992 (apart from the $20 weekly entered pendente lite February 14, 1995). His claims have no merit.
I have considered all of the criteria in General Statutes CT Page 1530 §§ 46b-62, 46b-81 and 46b-82 in the determination of the awards set forth herein. I have also considered the taxable consequences and implications of said awards.
Accordingly, judgment shall enter dissolving the parties' marriage on the ground of irretrievable breakdown. It is further ordered that:
(1) All right, title and interest in the following property is hereby assigned to and vested in the wife: 29 Ocean Avenue and 72 Vauxhall Street, New London, Connecticut, subject to the mortgages thereon, which the wife shall pay and save the husband harmless; and all personal property therein.
(2) All right, title and interest in the following property is hereby assigned to and vested in the husband: his one-half remainder interest in 105 Jupiter Point Road, Groton, and all personal property therein, subject to the mortgage thereon; his 1994 Ford automobile, his bank accounts; and his SSIP plan.
(3) The husband shall pay to the wife the sum of $60 per week as periodic alimony for a period of five years from the date hereof, which alimony shall terminate sooner upon the death of either party, the wife's remarriage or pursuant to General Statutes § 46b-86 (b). Said alimony shall be deductible by the husband and taxable income to the wife, and shall not be modifiable as to duration.
(4) The husband shall cooperate with the wife so that she shall remain a covered dependent under his employment related health insurance policy for the statutory period under COBRA and/or applicable state law. She shall pay the premium therefor.
(5) The husband shall irrevocably designate the wife as beneficiary of his Prudential life insurance policy, to the extent of $25,000 of the proceeds thereof and maintain said policy and beneficiary designation so long as he is obligated to pay alimony hereunder. He shall execute and deliver to her an authorization so that she may obtain information as to the status of said policy directly from the insurance company.
(6) Each party shall be responsible for the liabilities shown on their respective financial affidavits and their attorney's fees. CT Page 1531
Teller, J.